AMERICAN WATERWORKS CO. OF ILLINOIS et al. v. FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Eighth Circuit. January 3, 1899.)

No. 884.

FORECLOSURE SALE—INSUFFICIENCY OF MASTER'S REPORT.
The report of a master after a sale of the property of a corporation, under a decree of foreclosure, to a trustee for certain bondholders, where bonds were receivable in payment on certain terms, merely stating that the purchaser had complied with its bid in all respects, without stating the facts, is too general and indefinite to afford a proper basis for judicial

action; and where it is accepted by the court, and a conveyance ordered thereon, the mortgagor is justified in an appeal to obtain the information to which it is entitled, though, when such information is supplied by a supplemental report required by the circuit court of appeals, and it appears therefrom that there were no errors or irregularities prejudicial to the mortgagor, the action of the trial court will be affirmed.

Appeal from the Circuit Court of the United States for the District of Nebraska.

This was a bill filed by the Farmers' Loan & Trust Company, the appellee, against the American Waterworks Company of Illinois et al., the appellants, to foreclose a mortgage on a waterworks plant situated in the city of Omaha, state of Nebraska. From a final decree directing a foreclosure sale of the mortgaged property, and a distribution of the proceeds of the sale among the mortgage bondholders, an appeal was heretofore taken to this court; and on March 16, 1896, the decree was affirmed, with a slight modification of some of its provisions. 36 U. S. App. 563, 20 C. C. A. 133, and 73 Fed. 956. After the return of the case to the lower court, a sale was made of the mortgaged property on May 20, 1896, pursuant to the provisions of the modified decree. A report of the sale was made by the master who conducted the same, which report was filed on May 22, 1896, from which it appeared that the property had been sold to the Farmers' Loan & Trust Company, acting in the capacity of trustee for certain mortgage bondholders who held bonds to the amount of $3,554,000, and that the property had been sold for the sum of $4,009,500, which was $140,554.18 less than the total amount of the mortgage indebtedness, as ascertained and fixed by the provisions of the decree of foreclosure. On May 28, 1896, certain exceptions to the master's report of sale which had been filed were overruled, and the sale was confirmed. By orders duly made and entered of record, additional time was granted to the purchaser at the foreclosure sale to respond to its bid; and, after the time had been on several occasions extended, the master, on July 16, 1896, reported that the purchaser at the foreclosure sale had in all things complied with its bid. On the same day an order was made directing the master to execute a deed for the property sold. Such a deed was forthwith executed, and the property covered thereby was turned over to the purchaser on August 8, 1896, since which time it has been in its possession, or in the possession of its grantees. The mortgagor company, the American Waterworks Company of Illinois, which is the sole appellant, besides filing exceptions to the master's report of sale, also filed the following motions and exceptions, to wit: First. A motion to vacate the sale, which was filed on June 13, 1896, and was based on the ground that the purchaser had not at that time complied with its bid, as it should have done prior to that date. Second. A motion to vacate the order of July 16, 1896, for the delivery of a deed to the purchaser at the foreclosure sale, which motion was filed July 17, 1896, and was based on the ground that the master's report that the purchaser had complied with its bid was improvidently made; also, on the ground that the delivery of the deed was ordered before the mortgagor company had had an opportunity to except to the report of the master that the purchaser's bid had been fully performed. Third. On the same day exceptions were interposed to the report of the master of July 16, 1896, which exceptions alleged, in substance, that the master's report was insufficient and uncertain, in that it did not show in what manner or form the purchaser had complied with its bid. The foregoing motions and exceptions were each overruled. Afterwards the master filed a report showing that the mortgaged property had been delivered to the purchaser, and a further report showing the amounts that were due to several persons and corporations who held claims against the mortgaged property. Such reports were heard and confirmed on September 30, 1896. In this state of the record, the mortgagor company prayed an appeal, which was allowed on November 27, 1896.

John L. Webster, for appellants.
J. M. Woolworth and R. S. Hall, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

When the present appeal first made its appearance upon the docket of this court, at the December term, A. D. 1897, we were of the opinion, which we still entertain, that the master's report of July 16, 1896, wherein he merely stated that the Farmers' Loan & Trust Company "has in all things complied with its bid, and the orders of the court in respect thereto," was too general and indefinite to afford a proper basis for judicial action, in that it did not state any of the facts or evidence upon which the conclusion of the master was based. At the same time, as it seemed obvious that the sale of the mortgaged property had been regularly conducted, that no reasons existed for setting the sale aside, and that it could probably be made to appear that no harm had been done to any party in interest which would justify a reversal, we resorted to the expedient of retaining the case, and entering an order requiring the master to make a detailed report, showing in what manner the purchaser at the foreclosure sale had answered its bid, with directions that such amended report should be certified to this court for its consideration. The amended report thus called for was filed in this court on March 5, 1898, and in connection therewith certain exceptions thereto which had been taken by the appellant. An examination of the amended report, which was very voluminous, disclosed that there were some errors or discrepancies therein which could probably be corrected or explained by a further revision of the accounts, whereupon, at the May term, A. D. 1898, another order was entered, requiring the master to make an additional or supplemental report. Such a report has now been filed. The same has been carefully examined and considered, and the case has been reargued in the light of the original and supplementary reports.

The foregoing proceedings have only had the effect of giving some color to a claim now made by the appellant, that the Farmers' Loan & Trust Company has not as yet fully complied with its bid, and that by reason of its failure to do so certain mortgage bondholders of the American Waterworks Company of Illinois, who did not put their securities into the reorganization scheme prior to the foreclosure sale, but elected to take cash for their pro rata proportion of the purchase price bid at the sale, have not received as much money as they were justly entitled to. The decree of foreclosure contained a provision, in substance, which authorized any bidder at the foreclosure sale to answer his bid in bonds, which were to be received in payment of the bid, for an amount equal to the sum that the holder would be entitled to receive therefor out of the proceeds of the foreclosure sale after all expenses and costs of the litigation had been paid. A very large proportion of the bondholders (those representing bonds to the amount of $3,554,000) requested the Farmers' Loan & Trust Company to purchase the mortgaged property as trustee for their benefit, and consented to the use of their bonds to make up the pur-

chase price which might be bid. The remaining bondholders elected to receive payment in cash, and, as the property was bought by the trust company, the master subsequently ascertained and reported that each bond for $1,000 was entitled to be paid $862.38, or to be received for that sum in making up the purchase price. All the bondholders who did not become parties to the reorganization scheme have either been paid at that rate, or are willing to accept payment, and have taken no exceptions to the master's computation, and have failed to join in the present appeal. There are only five bonds outstanding which have not already been paid at the rate prescribed by the master, and it was stated on the argument, without contradiction, that the holders of these bonds are willing to accept payment at the prescribed rate, and that there is money in the registry of the lower court which is more than adequate to satisfy their demands.

In view of the premises, it is clear, we think, that no occasion exists for disturbing any of the orders made by the lower court on account of which the present appeal is prosecuted. Even if there were errors or irregularities in some of the master's proceedings, by virtue of which the amount payable on the mortgage bonds was slightly underestimated, yet the bondholders are not complaining, and it is not perceived that the mortgagor company is entitled to make a complaint in their behalf. The price bid at the foreclosure sale was less than the mortgage indebtedness as fixed by the final decree, to the amount of $140,554.18. Besides, the last report of the master discloses that an allowance has been made to the Farmers' Loan & Trust Company in the sum of $41,500 for its counsel fees, and compensation for its services, for which sum it should receive a credit upon its bid which it has not as yet received. This allowance would reduce to some extent the distributive share payable on each bond, as heretofore reported by the master. It is obvious, therefore, that there is no surplus fund to which the mortgagor can lay claim, however the price that was bid for the property may be administered as among the bondholders.

When the present appeal was taken, it was not without merit, in view of the fact that the master's report of July 16, 1896, did not show in detail, as it should have done, how the purchaser at the foreclosure sale had responded to its bid. The mortgagor company was entitled to know how the purchaser's bid had been paid, and an appeal would seem to have been its only remedy. Subsequent reports made by the master pursuant to the order of this court have remedied this defect, and rendered it certain that no wrong has been done which entitles the appellants to complain. Moreover, since the master's report of March 5, 1896, was filed, the appellants have been unduly persistent in insisting that the sale should be set aside, and have enhanced the cost of the litigation to some extent without adequate cause. For these reasons, it seems just to tax the appellants with one-third of the costs of the appeal. It is accordingly adjudged that the order of the circuit court of May 28, 1896, overruling the exceptions to the master's report of sale, and the order of July 18, 1896, refusing to vacate the order for the delivery of a deed to the purchaser at the foreclosure sale, and the order of August 8, 1896, direct-

ing the delivery of 'the mortgaged property to the purchaser thereof at the foreclosure sale, be, and the same are hereby, approved and confirmed, and that one-third of the cost of this appeal be paid by the appellants, and the residue thereof by the appellee.